UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SANDY BAEZ, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Civil Action No. 09-0925 (EGS) |
| : | |
| CONNELLY, *et al.*, : | |
| : | |
| Defendants. : | |

### **MEMORANDUM OPINION**

This matter is before the Court on defendants' motion to dismiss. For the reasons discussed below, the motion will be denied without prejudice and this action will be transferred to the United States District Court for the District of Rhode Island.

### I. BACKGROUND

Plaintiff is currently serving a federal sentence at a correctional facility in Philipsburg, Pennsylvania. Compl. at 1 (introductory paragraph); *see* Mem. in Supp. of Fed. Defs.' Mot. to Dismiss ("Defs.' Mem."), Ex. 1 (Judgment, *United States v. Baez*, No. 1:06CR00071-01T (D.R.I. May 25, 2007) at 2 (imposing a prison term of 90 months each as to Count I, assault on a federal law enforcement officer, and Count II, distribution of 100 grams or more of heroin, to be served concurrently). The events giving rise to this action occurred in Providence, Rhode Island. Compl. at 2 (Venue).

Plaintiff arranged to sell a quantity of heroin to an individual whom he later discovered was an informant for the Drug Enforcement Administration ("DEA"). *See* Compl. ¶¶ 9-14.

Upon consummation of the deal and in response to a prearranged signal, "DEA agents and other officials moved in" to arrest plaintiff. *Id.* ¶ 16. Plaintiff fled, *id.* ¶ 17, and "[w]hen the police finally caught up with [him], he immediately went down on his kness [sic] and put his hands behind his back," *id.* ¶ 18. At that time, defendants allegedly assaulted plaintiff, *id.* ¶ 20, and plaintiff sustained an injury "above his eye after [an] officer pistol whipped him across the left eye," *id.* ¶ 21. During plaintiff's transport, a DEA agent allegedly "pulled out a taser and started firing shots at plaintiff" when plaintiff refused to sign a document "that would have permitted a warrantless search of [his] home," *id.* ¶ 25, resulting in injuries to his chest, stomach, groin, ribs and leg, *id.* ¶ 26. The taser, fired at least nine times, *id.* ¶ 31, while plaintiff "was shaking, kicking [and] scre[a]ming," *id.* ¶ 33, allegedly caused extreme pain and damage to plaintiff's lungs, *id.* ¶¶ 34-38, 43-49.

In this action, plaintiff brings constitutional claims against the defendants both in their individual capacities under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and in their official capacities, and he brings tort claims as well. Plaintiff demands a declaratory judgment, injunctive relief, and unspecified monetary damages. *See id.* at 11 (Prayer of Relief).

## II. DISCUSSION

For purposes of this Memorandum Opinion, the Court presumes without deciding that it has subject matter jurisdiction, that service of process has been effected on all the defendants, and that the complaint states claims upon which relief can be granted.

### A. The Court Lacks Personal Jurisdiction Over The Defendants

"A District of Columbia court may exercise personal jurisdiction over a person domiciled

in, organized under the laws of, or maintaining his or its principal place of business in, the District of Columbia as to any claim for relief." D.C. Code § 13-422.  It is the plaintiff's burden to make a *prima facie* showing that the Court has personal jurisdiction over the defendants.  *See First Chicago Int'l v. United Exch. Co.*, 836 F.2d 1375, 1378-79 (D.C. Cir. 1988); *Walton v. Bureau of Prisons*, 533 F. Supp. 2d 107, 112 (D.D.C. 2008).  Moreover, the "[p]laintiff must allege specific facts on which personal jurisdiction can be based; [he] cannot rely on conclusory allegations." *Moore v. Motz*, 437 F. Supp. 2d 88, 91 (D.D.C. 2006) (citations omitted).  Plaintiff does not allege that the defendants either reside or maintain a principal place of business in the District of Columbia, and under these circumstances the Court engages in a two-part inquiry to determine whether it may exercise personal jurisdiction over non-resident defendants.

    The Court first must determine whether jurisdiction may be exercised under the District of Columbia's long-arm statute.  *See GTE New Media Servs., Inc. v. Bell South Corp.*, 199 F.3d 1343, 1347 (D.C. Cir. 2000); *see also Ibrahim v. District of Columbia*, 357 F. Supp. 2d 187, 192-93 (D.D.C. 2004) (determining whether personal jurisdiction exists over defendants outside the forum in which the underlying suit was commenced in § 1983 suit under District of Columbia long-arm statute).  The long-arm statute allows the Court to exercise personal jurisdiction over a non-resident defendant with regard to a claim arising from the defendant's conduct in:

        (1)    transacting business in the District of Columbia;
        (2)    contracting to supply services in the District of Columbia;
        (3)    causing tortious injury in the District of Columbia by an
[or]             act or omission in the District of Columbia;
        (4)    causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods

> used or consumed, or services rendered, in the District of Columbia[.]

D.C. Code § 13-423(a).[1] Nothing in the complaint suggests that the defendants fall within the scope of any one or more of these categories. They are not alleged to have transacted business, contracted to supply services, or caused a tortious injury in the District of Columbia. The long-arm statute, then, offers no basis for the Court's exercise of personal jurisdiction over the defendants.

Second, the Court must determine whether the exercise of personal jurisdiction satisfies due process requirements. *See, e.g., Morris v. U.S. Prob. Serv.*, No. 09-0799, 2010 WL 2802661, at *2 (D.D.C. July 16, 2010) (citations omitted). This portion of the analysis turns on whether a defendant's "minimum contacts" with the District of Columbia establish that "the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks omitted). These minimum contacts must arise from "some act by which the defendant purposefully avails [himself] of the privilege of conducting activities with the forum state, thus invoking the benefits and protections of its laws." *Asahi Metal Indus. Co., Ltd. v. Super. Ct. of Cal., Solano Cty.*, 480 U.S. 102, 109 (1988) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)).

Plaintiff argues that the defendants have a "personal connection with the District of Columbia more than [their] federal employment," because their "overall coordinator, known as overall head-office is located in the District of Columbia." Pl.'s Opp'n at 7. Based on this alleged nexus, plaintiff asserts that this Court has personal jurisdiction over the defendants. *Id.*

---

1. The alternative bases set forth under the long-arm statute are inapplicable.

This argument is neither persuasive nor consistent with case law. *See, e.g., Cornell v. Kellner*, 539 F. Supp. 2d 311, 315 (D.D.C. 2008) (concluding that defendant's employment with the Internal Revenue Service, which is headquartered in the District of Columbia, is not a sufficient contact to support the exercise of personal jurisdiction under the District's long-arm statute); *Majhor v. Kempthorne*, 518 F. Supp. 2d 221, 237 (D.D.C. 2007) (concluding that plaintiff cannot establish personal jurisdiction over government officials of American Samoa under the District's long-arm statute); *Simpson v. Fed. Bureau of Prisons*, 496 F. Supp. 2d 187, 192 (D.D.C. 2007) (rejecting argument that employment by the Federal Bureau of Prisons, the headquarters office of which is in the District of Columbia, rendered its officials subject to suit in their individual capacities in this district); *Ali v. District of Columbia*, 278 F.3d 1, 7 (D.C. Cir. 2002) (dismissing claims of District of Columbia offender housed under contract in a Virginia facility against Virginia officials in their individual capacities over whom this district court lacked personal jurisdiction). The non-resident defendants are not subject to this Court's jurisdiction solely by virtue of their employment with a federal government agency.

### B. Venue In This District Is Improper

Defendants move for dismissal of this action for improper venue. *See* Defs.' Mem. at 10-11. "Courts in this jurisdiction must examine challenges to . . . venue carefully to guard against the danger that a plaintiff might manufacture venue in the District of Columbia." *Cameron v. Thornburgh*, 983 F.2d 253, 256 (D.C. Cir. 1993).

In a civil action where the Court's jurisdiction is not based solely on diversity of citizenship, such as this case, venue is proper in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part

of the events or omissions giving rise to the claim occurred . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b); *see Cameron*, 983 F. 2d at 257 (applying general venue provision of § 1391 to a *Bivens* action). Venue is not proper in this district under any of the provisions of 28 U.S.C. § 1391(b): defendants do not all reside in the District of Columbia, no substantial part of the events giving rise to plaintiff's claim took place here, and this is not a case in which no other district is available. Rather, a substantial part of the events giving rise to plaintiff's claims occurred in Rhode Island, which also is the district where all of the defendants appear to reside.

*C. This Action Will Be Transferred to the District of Rhode Island*

In a case filed in a jurisdiction in which venue is improper, the Court must either dismiss the case, "or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought." 28 U.S.C. § 1406(a). The decision to transfer an action on this ground is left to the discretion of the Court. *See Novak-Canzeri v. Saud*, 864 F. Supp. 203, 207 (D.D.C. 1993). The Court may transfer an action even though it lacks personal jurisdiction over the defendants, *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 789 (D.C. Cir. 1983), and transfer is appropriate under § 1406(a) "when procedural obstacles 'impede an expeditious and orderly adjudication . . . on the merits,'" *Sinclair v. Kleindienst*, 711 F.2d 291, 293-94 (D.C. Cir. 1983) (citing *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466-67 (1962)); *Crenshaw v. Antokol*, 287 F. Supp. 2d 37, 45 (D.D.C. 2003) (stating that the "lack of venue should not bar resolution of the plaintiff's claims on the merits," and transferring the case to the district where "venue would be proper and the defendants would be subject to personal jurisdiction"). Such procedural obstacles

include "lack of personal jurisdiction, improper venue, and statute of limitation bars." *Sinclair*, 711 F.2d at 294.

Assuming without deciding that plaintiff states viable claims, in the interest of justice, the Court will transfer this action to the United States District Court for the District of Rhode Island. *See, e.g., Simpson*, 496 F. Supp. 2d 187, 194 (D.D.C. 2007) (transferring prisoner's civil action brought under *Bivens* and the Federal Tort Claims Act to the district having "personal jurisdiction over the two defendants most involved in the underlying disciplinary proceedings and [where] venue" is proper); *Zakiya v. United States*, 267 F. Supp. 2d 47, 59 (D.D.C. 2003) (transferring case involving challenge to national BOP policy to the district where the "implementation of the national policy occurred"). It is in the District of Rhode Island where the court may exercise personal jurisdiction, where venue is proper, and where the events giving rise to plaintiff's claims occurred.

An Order accompanies this Memorandum Opinion.

Signed:          EMMET G. SULLIVAN
                 United States District Judge

Dated:           August 27, 2010