# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

SANDY BAEZ

v.                               C.A. No. 10-399-ML

MR. CONNELLY, et al.

## MEMORANDUM AND ORDER

Mary M. Lisi, Chief United States District Judge

Before the Court is a motion to dismiss the complaint brought by three of five defendants in the above-captioned action. For the reasons set forth below, that motion is granted.

## BACKGROUND

On May 15, 2007, Plaintiff Sandy Baez ("Plaintiff" or "Baez") was found guilty by a jury after a two-day trial of one count of assault on a federal law enforcement officer, in violation of 18 U.S.C. § 111(b), and one count of distribution of 100 grams or more of heroin, in violation of 21 U.S.C. §841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2.[1] At trial, the evidence showed that Baez's arrest occurred on May 10, 2006 during the course of a controlled drug transaction with a DEA informant and that when the agents moved in for the arrest, Baez attempted to flee and was apprehended after a brief struggle. At sentencing, the Court imposed a two-level obstruction of justice adjustment based on Baez's resistance at the time of his arrest and sentenced Baez to two terms of ninety (90) months imprisonment, to be served concurrently.[2]

Baez's conviction and sentence were affirmed on appeal. See United States v. Baez, No. 07-1941 (1st Cir. Jan. 14, 2008). In affirming, the Court of Appeals found *inter alia* that the

---

[1] A third charge of conspiracy to sell drugs was dismissed as to Baez after all charges against his codefendant were dropped.

[2] Upon completion of this sentence, Plaintiff is to report to U.S. immigration officials for deportation proceedings. See United States v. Baez, CR. No. 06-071-01-T, Judgment at 4.

assault was proved beyond a reasonable doubt, noting that the jury credited DEA Agent Naylor's testimony over that of Baez. Id. at 1-2.

Plaintiff thereafter filed the instant *pro se* civil rights complaint in the United States District Court for the District of Columbia (DC Court). The case was transferred to this Court in September 2010. See Sandy Baez v. Mr. Connolly, et al, C.A. No. 09-0925, Memorandum Opinion (Doc. #18) (D.D.C. Aug. 30, 2009) ("8/30/10 Mem. Opinion").

Plaintiff's complaint in essence asserts claims under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971)[3] and alleges that law enforcement officials used excessive force against him in the course of his arrest for the drug offense. The complaint names five defendants: Michael Naylor, Anthony Cardello and 'Rac' [sic] [John] Kleczkowski, who are agents of the Drug Enforcement Administration (DEA), a "Mr. McNutty," who is alleged to be the 'Resident Agent" of the DEA office in Warwick, Rhode Island, and a "Mr. Connelly," who is alleged to be a Warwick police detective.[4] All are named in their official and individual capacities. (Cmplt. ¶¶ 3-7.) Specifically, Plaintiff alleges that he engaged in a sale of heroin to a person who was a DEA informant; that as law enforcement agents, including DEA agents, moved in to arrest him, he attempted to flee; and that as he was apprehended, defendant Kleczkowski "pistol whipped" him, causing a cut over his left eye. (Cmplt. ¶¶ 15-17, 18, 20.) Plaintiff further alleges that while he was being transported to the DEA office, defendant Naylor tasered him without justification in the rear seat, as defendant Cardello observed and drove the vehicle. (Id. ¶¶ 25-32.)

---

[3] Although the complaint does not specifically mention Bivens, this Court notes that the DC Court characterized the action as one under Bivens (see 8/30/10 Mem. Opinion at 1), and Baez's objection to the instant motion to dismiss specifically acknowledges this. (See Plaintiff's "Reply" [sic] to Federal Defendants Motion to Dismiss [Doc. #22] at 10.)

[4] In a subsequent filing (Doc. #27), Plaintiff states that Connelly and McNutty are Providence Police detectives. These two defendants are not involved in the instant motion to dismiss; they are the subject of a separate Memorandum and Order issued by this Court, on this date.

Count I of the complaint asserts that all Defendants violated Plaintiff's constitutional rights when they assaulted him at the time of arrest. Count II asserts that Naylor violated Plaintiff's constitutional rights by attempting to interrogate him in the backseat of the vehicle used to transport him after his arrest. Count III alleges that Naylor assaulted Plaintiff with a taser. Count IV alleges that Kleczkowski "pistol whipped" Plaintiff in the course of apprehending him. Count V alleges that Naylor violated his constitutional rights by "entering into the back seat of" the vehicle transporting him. Count VI alleges that Cardello failed to intervene during Naylor's alleged assault on Plaintiff.

Defendants Naylor, Cardello and Kleczkowski (hereinafter the "Federal Defendants") thereafter filed the instant motion to dismiss the complaint.[5] Plaintiff has opposed the motion, and this matter is ready for decision. No hearing is necessary in connection with this motion.

## DISCUSSION

### A. Law Governing Motion to Dismiss

The Federal Defendants base their motion to dismiss the complaint on Rules 12(b)(1), 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure.

"[A] pro se complaint, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers' and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Estelle v. Gamble, 429 U.S. 97, 106, 251 (1976) (quoting Haines v. Kerner, 404 U.S. 519, 520-521 (1972)).

### 1. Rule 12(b)(1) Standard

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a party to seek dismissal of an action based on lack of subject matter jurisdiction. If jurisdiction is challenged, the party

---

[5] A prior motion to dismiss filed by the Federal Defendants was denied without prejudice by the DC Court at the time it ordered this case transferred to this Court. See 8/30/10 Mem. Opinion at *1.

invoking jurisdiction has the burden of establishing it. Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995). When ruling on a motion to dismiss under Rule 12(b)(1), the Court is required to construe the allegations in the complaint liberally in favor of the plaintiff. Aversa v. United States, 99 F.3d 1200, 1209-10 (1st Cir. 1996).

2. Rule 12(b)(5) Standard

A federal court lacks personal jurisdiction over a named defendant if the party has not been served in accordance with Rule 4 of the Federal Rules of Civil Procedure. See Rowe v. U.S. Marshals Service, CA No. 04-246T, 2006 WL 1787738 (D.R.I. Jun 26, 2006) (citing Brooks v. Richardson, 478 F.Supp. 793 (S.D.N.Y.1979)). See also Armco, Inc. v. Penrod-Stauffer Bldg. Sys., 733 F.2d 1087, 1089 (4th Cir.1984)(court can exercise jurisdiction over defendant only if there is valid service of process upon defendant). Once service of process has been challenged, the plaintiff bears the burden of establishing the validity of such service. See Rivera-Lopez v. Municipality of Dorado, 979 F.2d 885, 886 (1st Cir.1992).

3. Rule 12(b)(6) Standard

In order to survive a motion to dismiss for failure to state a claim on which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6), a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The Court must accept a plaintiff's allegations as true and construe them in the light most favorable to the plaintiff, see Gargano v. Liberty Int'l Underwriters, 572 F.3d 45, 48 (1st Cir. 2009), and review pleadings of a pro se plaintiff liberally, see Estelle, 429 U.S. at 106. However, the Court need not credit bald assertions or unverifiable conclusions. See Iqbal, 129 S.Ct. at 1949 (a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.")

Matters outside the pleadings can be presented to and considered by the Court in ruling upon a Rule 12 motion to dismiss. See, as to motions to dismiss for lack of subject matter jurisdiction, Gonzales v. United States, 284 F.3d 281, 288 (1st Cir. 2002); Miller v. George Arpin & Sons, Inc., 949 F. Supp. 961, 966 n. 8 (D.R.I. 1997) ("A court may consider affidavits, deposition testimony, and other extra-pleading material to determine whether subject matter jurisdiction exists."). See, as to motion to dismiss for failure to state a claim, Alternative Energy, Inc. v. St. Paul Fire and Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001) ("[D]ocuments the authenticity of which are not disputed by the parties; for official public records; ... documents central to plaintiffs' claim; or ... documents sufficiently referred to in the complaint," may be considered in connection with a motion to dismiss without converting such motion into a summary judgment motion.) (internal quotations omitted).

**B.     Insufficient Service of Process**

The Federal Defendants first contend that service on them at their business addresses was not sufficient for proper service on them in their respective individual capacities under Fed. R. Civ. P. 4(i)(3), and for this reason all claims against those defendants individually must be dismissed. (See Memorandum in Support of Federal Defendants' Motion to Dismiss ["Mem. in Support"] at 5-7.)

Plaintiff's complaint names the Federal Defendants in their official and individual capacities.[6] Individually-named federal defendants sued in their personal capacities must be served with process in accordance with rules applicable to individual defendants. Fed. R. Civ. P. Rule 4(i)(3) governs the manner of service upon a United States officer or employee sued in an individual capacity and requires that plaintiff "must serve the United States and also serve the

---

[6] The Federal Defendants do not dispute the sufficiency of service on them in their official capacities, and that issue need not be addressed by this Court. The Federal Defendants' substantive challenges to Plaintiff's claims against them in their official capacities are discussed infra.

officer or employee under Rule 4(e), (f), or (g)."[7] Plaintiff has "the ultimate burden of proving service of process." Blair v. City of Worcester, 522 F.3d 105, 112 (1st Cir. 2008) (citing Rivera-Lopez v. Municipality of Dorado, 979 F.2d 885, 887 (1st Cir. 1992).

Under Fed. R. Civ. P. 4(e), Plaintiff was required to serve the Federal Defendants individually either in person, at their respective abodes or upon their respective agents for process, Rule 4(e)(2), or in accordance with state law, Rule 4(e)(1).[8] In this case, this Court finds that the summons and complaint were not properly served upon Naylor, Cardello, and Kleczkowski in their individual capacities. Rather, it appears that the summonses and complaint were mailed by certified mail to the business addresses of the Federal Defendants. (See Doc. #7.)[9] This was not in compliance with any of the methods specified in Fed. R. Civ. P. 4(e)(2), nor was it in accordance with state law. The pertinent Rhode Island Rule governing the service of process on individual defendants provides for the same three methods of service as the Federal

---

[7] Rule 4(i)(3) provides in full:

> (3) Officer or Employee Sued Individually. To serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g).

The Government does not dispute that service was properly made on the United States.

[8] Fed R. Civ. P. 4(e) provides that an individual may be served by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2)(A) delivering a copy of the summons and of the complaint to the individual personally;
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(f) (service in a foreign country) and 4(g) (service on minors) do not apply here.

[9] The record shows that the mailing was done by the U.S. Marshal's office in the District of Columbia on behalf of Plaintiff, who had been granted leave to proceed in forma pauperis. (See Order to Supplement Complaint [Doc #7].) In its Order to Supplement the DC Court directed Plaintiff to provide addresses for all Defendants (id. at 2), but only the business addresses of the Defendants were provided by him.

Rule: service may be made in person, at the dwelling or on an authorized agent for process. See R.I. Superior Court Rule of Civil Procedure 4(e).

Under both federal and state rules, if a defendant has not been served within 120 days after the complaint is filed, a court may dismiss the matter without prejudice or order that service be made within a specified time. See Fed. R. Civ. P. 4(m); R.I. Super. R. Civ. P. 4(*l*). If the plaintiff shows good cause for the failure to make timely service, the Court must extend the time for service for "an appropriate period." Id. Here, more than 120 days have passed since the case was transferred to this Court, let alone since the action was originally filed, and the Federal Defendants have not yet been properly served in their individual capacities.[10] Moreover, Plaintiff has not tendered residential addresses or other information to effect such service, nor has he shown good cause for his failure to do so.

In short, because Plaintiff's service on the Federal Defendants in their individual capacities was deficient under Fed. R. Civ. P. 4(i)(3) and 4(e) -- and more than 120 days has passed -- this Court lacks jurisdiction over those defendants, and the claims against them in their individual capacities must be dismissed. See e.g. Scherer v. United States, 241 F.Supp.2d 1270, 1282 (D.Kan. 2003) (where service was not properly made as required under Rule 4(e), all claims made against defendants in their individual capacities would be dismissed); Caisse v. DuBois, 346 F.3d 213, 216 (1st Cir. 2003) (service of inmate civil rights complaint on defendant public officials in either official or individual capacities must be in accordance with Rule 4(e)). See also Resendes v. Brown, No. 06-286ML, 2006 WL 3488738, at *3-4 (D.R.I. Nov. 30, 2006) (Lisi, C.J., adopting Report and Recommendation of M.J. Martin recommending dismissal of

---

[10] The notation "I.C. & O.C."(presumably standing for individual capacity and official capacity), which appears immediately after the name of each Defendant on the signed postal receipt card for each, does not convert the otherwise insufficient service into sufficient service on each Defendant individually, absent some evidence that these defendants consented to service in their respective individual capacities. Plaintiff has not made any showing of such consent, Rivera-Lopez v. Municipality of Dorado, 979 F.2d 885, 886 (1st Cir.1992), and the instant motion to dismiss strongly suggests the opposite.

action where federal defendants were not properly served and stating that *pro se* status does not excuse plaintiff from serving federal defendants in accordance with Federal Rules of Civil Procedure).[11]

### C. Claims Against Federal Defendants in Their Individual Capacities

The Federal Defendants also assert two principal substantive grounds for dismissing the claims against them in their individual capacities: (1) that they are entitled to qualified immunity as to such claims, and (2) that Plaintiff's claims are precluded by his conviction for assaulting a federal officer, pursuant to Heck v. Humphrey, 512 U.S. 477 (1994). Because Plaintiff alleges two separate constitutional violations -- one against Kleczkowski and the other against Naylor and Cardello -- this Court will address each one separately.

#### 1. Claims against Kleczkowski - Qualified Immunity

Defendant Kleczkowski seeks dismissal of the Bivens claims against him on the ground of qualified immunity. He contends that even assuming he struck Plaintiff in the course of apprehending him, Plaintiff was not seriously injured and this action did not otherwise give rise to a constitutional violation. (See Mem. in Support at 7-10.)

"Qualified immunity protects federal and state officials from civil liability in the performance of 'discretionary functions . . . insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Martinez-Rodriguez v. Guevera, 597 F.3d 414, 419 (1st Cir. 2010) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982))[12] "The basic thrust of the qualified-immunity doctrine is

---

[11] Fed. R. Civ. P. 4(i)(4) provides that a court must allow a party a reasonable time to "cure" service of a federal employees under certain circumstances, but this does not help Baez. That provision would provide additional time to serve the United States only if Baez had already properly served the individual defendants in their individual capacity, see Rule 4(i)(4)(B), which he has not done here.

[12] "The qualified immunity test is identical for claims pursued under § 1983 and for Bivens-type suits." Martinez-Rodriguez v. Guevara, 597 F.3d 414, 419 (1st Cir. 2010) (citing Wilson v. Layne, 526 U.S. 603, 609 (1999).

to free officials from the concerns of litigation, including avoidance of disruptive discovery." Aschroft v. Iqbal, 129 S. Ct. 1937 (2009).

The First Circuit has recently noted that determining qualified immunity involves a two-step test: "(1) whether the facts alleged or shown by the plaintiff make out a violation of a constitutional right; and (2) if so, whether the right was 'clearly established' at the time of the defendant's alleged violation." Maldonado v. Fontanes, 568 F.3d 263, 269 (1st Cir. 2009) (citing Pearson v. Callahan, 555 U.S. 223, 129 S.Ct. 808, 815-16 (2009)). The second prong of this test involves determining "(a) the clarity of the law in general at the time of the alleged violation; and (b) the clarity of the law as applied to the case -- in other words, whether a reasonable person in the defendant's shoes 'would have understood that his conduct violated the Plaintiff['s] constitutional rights.'" Raiche v. Pietroski, 623 F.3d 30, 36 (1st Cir. 2010) (quoting Maldonado, 568 F.3d at 269).

Here, the constitutional right that was allegedly violated was Baez's Fourth Amendment right not to be subjected to excessive force upon being arrested. Excessive force claims are founded on the Fourth Amendment right to be free from unreasonable seizures of the person. Raiche, 623 F.3d at 36 (citing Graham v. Connor, 490 U.S. 386, 394-95 (1989)). As noted in Graham, "Fourth Amendment jurisprudence has long recognized that the right to make an arrest ... necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." Graham, 490 U.S. at 396. The question is "whether "the defendant officer employed force that was unreasonable under the circumstances." Raiche, 623 F.3d at 36 (internal quotations omitted). Determining this issue involves weighing: "(1) 'the severity of the crime at issue,' (2) 'whether the suspect poses an immediate threat to the safety of the officers or others,' and (3) 'whether [the suspect] is actively resisting arrest or attempting to evade arrest by flight.'" Id. (quoting Graham, 490 U.S. at 396).

Plaintiff alleges that when DEA agents and other officials moved in to arrest him in the course of a drug transaction, he fled and hid, and that when police finally caught up with him, "he immediately went down on his knees, and put his hands behind his back." (Cmplt. ¶ 18.) He further alleges that Defendant Kleczkowski upon apprehending plaintiff "pistol whipped [him] across plaintiff's left eye" and that he "was injured above his eye after the officer['s] pistol whipped him across the left eye." (Id. ¶¶ 20-21.)[13] Accepting these allegations as true, as this Court must for purposes of the instant motion to dismiss, this Court finds that Baez has stated a claim for relief as against Kleczkowski.

Qualified immunity is essentially a factual defense. Here, the facts alleged suggest that the force used by Kleczkowski was unreasonable under the circumstances. Even though (1) Kleczkowski knew that Baez was in the middle of a drug transaction -- a serious and potentially dangerous felony -- and (2) Baez was unquestionably attempting to evade arrest by flight, the allegations are sufficient to raise a question as whether the force used by Kleczkowski in apprehending Baez was unreasonable and thus violated Baez's right to be free of excessive force during arrest. See Maldonado, 568 F.3d at 269 and Sanchez v. Pereira-Castillo, 590 F.3d at 53 (both finding qualified immunity defense insufficient grounds to dismiss complaint). See also Morelli v. Webster, 552 F.3d 12, 24 (1st Cir. 2009) (noting that qualified immunity is a fact-intensive defense and concluding that plaintiff made a sufficient showing of excessive force during her arrest to avert entry of summary judgment predicated on qualified immunity). Thus, at this stage Kleczkowski is not entitled to dismissal of the claims against him individually on the basis of qualified immunity.

---

[13] Plaintiff also briefly alleges that other officers "jumped on him and acted irrational," (Cmplt. ¶20), but that allegation does not concern Kleczkowski and is thus immaterial to the present inquiry.

Kleczkowski briefly argues (Mem. in Support at 13) that the individual claims against him may alternatively be dismissed on the basis of Heck v. Humphrey, 512 U.S. 477 (1994) (precluding recovery for allegedly unlawful actions by law enforcement officers without a reversal or invalidation of the relevant offense) (discussed infra). However, here there is no predicate conviction on which any Heck defense by Kleczkowski could be based. The assault of which Baez was convicted at his underlying trial was the assault against *Naylor*, which occurred in the vehicle while he was being transported to the DEA headquarters and not at the time of his initial apprehension by Kleczkowski. In the absence of any predicate conviction, that defense is not available to the Kleczkowski.

2. Claims against Naylor and Cardello --- Heck v. Humphrey

Defendants Naylor and Cardello have moved to dismiss Plaintiff's excessive force claims against them on the basis of Heck v. Humphrey, 512 U.S. 477 (1994). They argue that Baez's excessive force claim may not be brought against Naylor and Cardello because prevailing on that claim would necessarily draw into question or invalidate Baez's conviction for assault on a federal officer. (See Mem. in Support at 12-14.)

In Heck, the United States Supreme Court held that "in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," the plaintiff must prove that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of habeas corpus." Id. at 486-87.

Here, Plaintiff was convicted of violating 18 U.S.C. § 111, the elements of which are that "a defendant must intentionally: (1) forcibly; (2) assault, resist, oppose, impede, intimidate or interfere with; (3) a designated federal officer; (4) while the officer is engaged in, or on account

of the performance of, official duties. In addition, the defendant must have the intent to do the acts specified." United States v. Charles, 456 F.3d 249, 255 (1st Cir. 2006) (citing United States v. Arrington, 309 F.3d 40, 44 (D.C. Cir. 2002)).

The First Circuit has noted that while in certain circumstances an excessive force claim is not necessarily barred by a plaintiff's conviction of assault on police officer, if the facts supporting the excessive force claim are "so interrelated factually" with the facts of conviction, then such a claim will be barred. Thore v. Howe, 466 F.3d 173, 180 (1st Cir. 2006) (citing Cunningham v. Gates, 312 F.3d 1148, 1154-55 (9th Cir. 2002)). That is the case here. As noted above, Plaintiff was convicted and sentenced for assaulting Naylor in the rear seat of the police vehicle while being transported to DEA headquarters. Plaintiff's civil rights claim that he was tasered without justification by Naylor arises out of the same incident, at the same time and place. As such, he cannot prevail on this claim without drawing into question his conviction, which still stands,[14] and his claim is precluded by Heck. See Thore, 466 F.3d at 180.[15]

Other courts have found excessive force claims to be precluded by Heck in similar circumstances. See, e.g., Nuno v. County of San Bernadino, 58 F. Supp. 2d 1127, 1133 (C.D. Cal. 1999) ("[P]laintiff's allegations that he was subjected to excessive force during his arrest, if proven, would necessarily imply the invalidity of his obstruction of a peace officer conviction

---

[14] This Court takes note that Baez's motion to vacate pursuant to 28 U.S.C. §2255, which challenged *inter alia* his conviction for assaulting a federal officer, has been denied by Judge Smith of this Court. See United States v. Baez, No. CR 06-071S, 2011 WL 1811052 (D.R.I. May 12, 2011).

[15] In Thore, plaintiff asserted a §1983 civil rights claim for excessive force against Fitchburg police officers after having pled guilty to assault and battery with a dangerous weapon (a car) on those officers in the course of a drunk driving stop. During the encounter Thore was shot in the neck by one of the officers. The First Circuit held that Heck did not automatically bar Thore's excessive force claim, absent a finding that the claim and his conviction were "so interrelated factually" as to bar that claim. 466 F.3d at 180. However, the court went on to uphold the district court's finding that in view of his agreement to the factual basis of his plea to his assault offenses, Thor was judicially estopped from asserting facts different than those forming the basis of his guilty plea. Id. at 180-87. Here, in view of his conviction, Baez is similarly estopped from asserting facts different than those necessarily forming the basis of the jury's verdict on his assault offense.

..."); Singer v. Roberts, No. 3:99-CV-0296-G, 2000 WL 233291, at *5 (N.D. Tex. Feb. 29, 2000) ("Since Singer's assertion that [law enforcement officers] Roberts and Bitney used excessive force while apprehending him would, if proved, necessarily imply the invalidity of his arrest and conviction for Assault on a Public Servant, his excessive force claim is precluded as a matter of law."); Kaminsky v. Missouri, No. 4:07-CV-1213 (JCH), 2007 WL 2994299, at *5 (E.D.Mo. Oct. 11, 2007) ("a plaintiff cannot recover damages for an alleged unconstitutional conviction or imprisonment or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid unless a plaintiff shows that his sentence has been previously invalidated . . .").

Because Plaintiff's claim against Naylor is precluded, any claim against Cardello for failing to intervene also fails. The claim against Cardello is derivative of Plaintiff's claim against Naylor and thus the former claim cannot survive without the latter. See Fillmore v. Page, 358 F.3d 496, 506 (7th Cir. 2004) ("Simply put, there was no constitutional impermissible failure to intervene because there was no violation that compelled intervention.").

Accordingly, Plaintiff's claims in Count I, III and VI against Naylor and Cardello are barred under Heck.[16]

### 3. Other Claims vs. Naylor

To the extent that Plaintiff purports to allege (in Count II) that his Fifth Amendment rights were violated when Naylor attempted to interrogate him without giving him his Miranda warnings, Plaintiff's claim fails. Custodial interrogations, without first advising an arrestee of his Miranda rights, are not an intrinsic constitutional violation. See Chavez v. Martinez, 538 U.S. 760, 772 (2003) ("Chavez's failure to read Miranda warnings to Martinez did not violate Martinez's constitutional rights and cannot be grounds for a § 1983 action."); Clay v. Brown, 151

---

[16] Naylor and Cardello have also asserted a qualified immunity defense, but in view of this Court's finding that Plaintiff's claims are precluded by Heck, that defense need not be addressed here.

F.3d 1032 (7th Cir. 1998) ("[T]he failure to give Miranda warnings does not create liability in prisoner civil rights actions because Miranda warnings are not themselves constitutionally required."). Accordingly, Naylor is entitled to qualified immunity as to Count II because he did not violate a constitutional right.

Plaintiff's allegations (Count V) that Naylor violated "procedure" by sitting in the backseat with Plaintiff during transport likewise fails to state any constitutional claim. The mere fact that a law enforcement agent positions himself to maximize safety when transporting an arrestee who had resisted arrest does not amount to any constitutional violation. See Segler v. Prisoner Transport Serv., No. 05-243-MJR, 2006 WL 2037196 (S.D. Ill. July 18, 2006) (defendants' alleged failure to follow proper procedures during transport "simply has not stated any constitutional claim upon which relief may be granted").

In short, based on the grounds set forth above as to each Defendant, none of Plaintiff's claims against the Federal Defendants in their individual capacities pass muster.

## D. Claims Against the Federal Defendants in their Official Capacities

To the extent that Plaintiff seeks damages for alleged constitutional torts committed by the Federal Defendants in their official capacities, relief is unavailable. The doctrine of sovereign immunity bars suits against the federal government, its agencies, and federal agents acting in their official capacities. See McCloskey v. Mueller, 446 F.3d 262, 271-72 (1st Cir. 2006) (doctrine of sovereign immunity precludes §1983 or Bivens suits against federal officers in their official capacities); Tapia-Tapia v. Potter, 322 F.3d 742, 746 (1st Cir. 2003)(same).

Plaintiff likewise does not state claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq.[17] First, the FTCA waives sovereign immunity only for certain claims

---

[17] Indeed, Plaintiff does not even mention the FTCA in his complaint. This Court addresses the issue only based on a liberal construction of the complaint.

arising under state law. F.D.I.C. v. Meyer, 510 U.S. 471, 478 (1994), and thus the FTCA is unavailable to Plaintiff, however. Moreover, as an FTCA claim must be asserted against the United States rather than any individual officer thereof, the individually-named Federal Defendants are not proper defendants under the FTCA, and any alleged FTCA claim is jurisdictionally defective. See Roman v. Townsend, 224 F.3d 24, 27 (1st Cir. 2000) ("[T]he FTCA requires that the named defendant in an FTCA action be the United States and only the United States.") (citing 28 U.S.C. §§ 1346(b), 2674, 2679(a)).

Further, the FTCA does not provide a waiver of sovereign immunity for alleged constitutional torts. Bolduc v. United States, 402 F.3d 50, 56 (1st Cir. 2006) ("Federal constitutional or statutory law cannot function as the source of FTCA liability."). In addition, Plaintiff fails to assert that he has exhausted necessary administrative remedies under the FTCA, which is a mandatory prerequisite. See Barrett ex rel. Estate of Barrett v. United States, 462 F.3d 28, 38 (1st Cir. 2006) (requiring plaintiff to exhaust administrative remedies in FTCA suit).[18]

Finally, even assuming that Plaintiff had properly named the United States as a Defendant and that Plaintiff had exhausted his administrative remedies under the FTCA, Plaintiff's FTCA claim would be time-barred. See 28 U.S.C. § 2401(b) ("A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues . . . ."). Here, based on Plaintiff's complaint, Plaintiff's claim accrued on May 10, 2006. (Cmplt. ¶ 13), and his tort claim was filed

---

[18] The fact that Plaintiff filed a tort claim with the DEA on May 20, 2009, which claim was denied on September 17, 2009 (Motion to Dismiss, Exhs. 5-6) does not constitute proper exhaustion of administrative remedies. Plaintiff's complaint in this case was signed by him on April 29, 2009 and filed with the DC Court on May 19, 2009. (Doc. #1.) Thus, even acknowledging his administrative submission, this Court would lack jurisdiction over Plaintiff's tort claims here, as he failed to wait either six months or for a final agency decision before filing the instant suit. See McNeil v. United States, 508 U.S. 106, 112-13 (1993) (holding that FTCA complaint filed before any ruling was made on administrative claim was premature).

with DEA more than three years later, on May 20, 2009. (See n. 20 supra.) Thus any alleged claim under the FTCA is time-barred.

Accordingly, to the extent that Plaintiff's complaint could be construed as making allegations of damages caused by tortious conduct and/or constitutional violations against the Federal Defendants in their official capacities, those claims are procedurally precluded and therefore, should be dismissed.

## CONCLUSION

Based on the foregoing considerations, the Federal Defendants' Motion to Dismiss is hereby GRANTED, as follows.

(1) the claims against Defendant Kleczkowski in his individual capacity shall be DISMISSED on the basis of insufficiency of service;

(2) the claims against Defendants Naylor and Cardello in their respective individual capacities shall be DISMISSED on the basis of insufficiency of service and Heck v. Humphrey, and for the other reasons set forth above; and

(3) the claims against all three Federal Defendants in their official capacities shall be DISMISSED for the reasons set forth above.

SO ORDERED:

_Mary M. Lisi_
Mary M. Lisi
Chief United States District Judge

June /6 , 2011