UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

SANDY BAEZ
    Plaintiff
v.                               C.A. No. 10-399-ML

MR. CONNELLY, ET AL
    Defendants

**MEMORANDUM AND ORDER
AS TO DEFENDANTS CONNELLY AND McNUTTY**

This case was initially filed by plaintiff Sandy Baez in the United States District Court for the District of Columbia (DC Court). The DC Court transferred the case to this Court in September 2010. Baez's *pro se* civil rights complaint alleges that law enforcement used excessive force against him in the course of his arrest. Two of the five defendants named in the complaint are not fully named: a "Mr. McNutty," alleged to be an agent of the Drug Enforcement Administration (DEA), and "Mr. Connelly," described as a Warwick police detective. Cmplt. ¶¶ 5, 7. Each defendant is named in his individual and official capacity. Id. ¶¶ 5, 7.

The DC court granted plaintiff's application to proceed *in forma pauperis* (IFP application) and ordered the plaintiff to provide the full names of defendants Connelly and McNutty and addresses for all five defendants on or before June 29, 2009, so that the complaint could be served on the defendants. See Sandy Baez v. Mr. Connelly, et al, C.A. No. 09-0925, Order to Supplement Complaint (Doc. #3) at *1-*2 (D.D.C. May 19, 2009) ("Order to Supplement"). Plaintiff responded with a letter, dated June 24, 2009 and filed on June 30, 2009, stating that he was unable to obtain the full names of defendants Connelly and McNutty and only a business address (the DEA office in Warwick, RI) for all defendants.

In view of the incomplete information as to defendants Connelly and McNutty, this Court

issued an Order to show cause why the action should not be dismissed as to those two defendants. See Order entered on March 30, 2011 (Doc. #26) (Show Cause Order). The Order noted that notwithstanding the DC Court's Order to Supplement, Plaintiff had not provided full names for defendants Connelly and McNutty, which precluded sufficient service of these defendants in either capacity, and that Plaintiff had not provided residential addresses or other information sufficient to serve those two defendants in their individual capacities. Id. at 1-2. Accordingly, the Order provided that this action would be dismissed as to the above-named two defendants for failure to make proper service, unless on or before April 29, 2011 Plaintiff showed good cause why the claims pertaining to these defendants should not be so dismissed. Id. at 2.

On May 3, 2011 Plaintiff filed a response[1] to the Court's Show Cause Order stating that the correct name of Defendant McNutty is "PPD Sgt McNulty" and the correct name of Defendant Connelly is "PPD Det. Conely," and that both were members of the Providence Police Department, each having an address of 321 Washington St., Providence, RI 02903.[2] See Show Cause Response at 1. No first name was provided for either defendant.[3]

After reviewing the Show Cause Response, this Court finds that Plaintiff has failed to show cause why the instant complaint should not be dismissed as to defendants Connelly and McNutty. The Court still does not have the full name of either defendant and has been presented with two

---

[1] Plaintiff's response was entitled "Correct Name and the Address of the Two of the Five Defendants Named in the Complaint" (Doc. #27) (hereinafter "Show Cause Response").

[2] This Court takes judicial notice that the 325 Washington Street address is the location of the Public Safety Complex, which houses the headquarters of the Providence Police Department.

[3] For convenience, this Court will continue to refer herein to the two defendants at issue as they were initially named in the complaint. However, the Court makes no finding herein as to the true and accurate names of these defendants.

-2-

versions of the last name of each. Moreover, the identity of the law enforcement agency at which each defendant was allegedly employed has changed: McNutty was previously described as the Resident Agent of the DEA office in Rhode Island, and Connelly was initially described as a detective with the Warwick Police Department; both are now alleged to be employed by the Providence Police Department. In short, the response to the Show Cause Order, rather than clarifying the situation, only serves to increase the uncertainty surrounding the identities and locations of these defendants.[4]

Given the disparity and gaps in information with respect to each of these two defendants, this Court finds that insufficient information has been provided to identify and serve these two individuals as parties -- in either their official or individual capacities -- to this litigation. See Seals v. Russell, 2007 WL 1697319 at *8, n. 9 (N.D.Cal. June 12, 2007) (where plaintiff did not supply court with full name of a defendant, court directed plaintiff to supply Court with a defendant's full name within 60 days or else claim against that defendant would be dismissed); Laurence v. Wall, 551 F.3d 92, 94 (1st Cir. 2008) (an IFP plaintiff is "required to cooperate with the court and the United States Marshal in effectuating service, including providing the addresses of the named defendants, if needed . . ." ).

In addition, the business address provided for Connelly and McNutty -- even if fully and accurately named -- is insufficient for them to be served in their respective individual capacities pursuant to Fed. R. Civ. P. 4(e)(2), which requires that each be served in person or at his abode or via an agent for process. See Scherer v. United States, 241 F.Supp.2d 1270, 1281-82 (D. Kan. 2003)

---

[4] This uncertainty is also heightened by the fact that postal receipt cards were returned for both Connelly and McNutty, as initially named, when served at their respective DEA and Warwick locations. (See Summonses and Returns [Doc. #7] at 1, 5, 7.)

(where service was not properly made as required under Rule 4(e), all claims made against defendants in their individual capacities would be dismissed).

In view of the foregoing considerations, and as forecast in the DC Court's Order to Supplement,[5] this Court hereby ORDERS that the complaint shall be dismissed without prejudice and without costs as to these two defendants.[6]

SO ORDERED:

_____
Mary M. Lisi
Chief U.S. District Judge
June 16, 2011

---

[5] This Court notes that the DC Court's Order to Supplement specified that without sufficient information for plaintiff to properly serve defendants [Connelly and McNutty] as required under the rules, his claims against those defendants were subject to being dismissed. See Order to Supplement at 2.

[6] This Court further notes that the instant complaint in any event contains only sparse and conclusory allegations against defendants Connelly and McNutty. Plaintiff vaguely alleges that Connelly was a detective "responsible for the conditions and operations that exceeded the official duty of arrest, escorting or transporting the plaintiff to Warwick, Rhode Island." Cmplt. ¶ 7. Defendant McNutty is likewise alleged to be a DEA resident in charge "responsible for coordinating the arrest, conditions and operations that exceeded the official duty of arresting, escorting or transporting the plaintiff to Warwick, Rhode Island." Id. ¶ 5. No specific actions are alleged on the part of either defendant, and they are not further mentioned in the complaint other than in two conclusory allegations: (1) that they, along with the three other defendants, caused plaintiff "substantial injuries and serious harms," see Cmplt., Factual Allegations, un-numbered para. at p. 4; and (2) that their actions, with respect to the "substantial injury inflicted on plaintiff" at the time of arrest, violated his due process rights, id., Count I, ¶ 52. Thus, in the absence of any specific substantive allegations against either defendant, it is doubtful that the complaint, as drafted, states any claim against these defendants. See Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) ("... [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.") (internal quotations omitted).