# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

SANDY BAEZ,
            Plaintiff,

  vs.                                                              CA 10-399-ML

MR. CONNELLY, et al.,
            Defendants.[1]

## MEMORANDUM AND ORDER

Before this Court is Defendant John Kleczkowski's Motion for Summary Judgment (Doc. #41) ("Motion for Summary Judgment" or "Motion"). Plaintiff Sandy Baez ("Plaintiff" or "Baez") has filed Plaintiff's Reply to Defendant John Kleczkowski's Motion for Summary Judgment (Doc. #46) ("Objection"). For the reasons stated below, the Motion is DENIED.

## DISCUSSION

I.    Law

      A.    Summary Judgment Standard

Pursuant to Federal Rule of Civil Procedure 56, a motion for summary judgment should be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is "genuine ... if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

---

[1] Defendant John Kleczkowski ("Defendant" or "Kleczkowski") is the only remaining Defendant in this action. See Sandy Baez v. Mr. Connelly, et al., C.A. No. 10-339-ML (D.R.I. June 16, 2011); see also Sandy Baez v. Mr. Connelly, et al., No. 11-1787 (1st Cir. April 19, 2012). In addition, the claims against Kleczkowski in his official capacity have been dismissed. See Sandy Baez v. Mr. Connelly, et al., C.A. No. 10-339-ML, slip op. at 14-16.
    The facts giving rise to this lawsuit are recounted in detail in this Court's Memorandum and Order of June 16, 2011, see id. at 1-3, and need not be repeated here.

"[A] 'material fact' is one that has the potential of affecting the outcome of the case." <u>Calero-Cerezo v. U.S. Dep't of Justice</u>, 355 F.3d 6, 19 (1st Cir. 2004)(citing <u>Anderson</u>, 477 U.S. at 248-50).

The burden to show the absence of a genuine issue of material fact rests on the party moving for summary judgment. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Once the moving party has met its burden, the nonmoving party must demonstrate that, "with respect to each issue on which she would bear the burden of proof at trial, ... a trier of fact could reasonably resolve that issue in her favor." <u>Borges ex rel. S.M.B.W. v. Serrano-Isern</u>, 605 F.3d 1, 5 (1st Cir. 2010)(citing <u>Celotex Corp.</u>, 477 U.S. at 324).

In considering a motion for summary judgment, the Court views "'the facts in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor.'" <u>Bienkowski v. Northeastern Univ.</u>, 285 F.3d 138, 140 (1st Cir. 2002)(citation omitted). The Court does not "weigh the credibility of the testimony," but presumes "that a rational factfinder would accept it as stated by the witness." <u>Gonzalez v. El Dia, Inc.</u>, 304 F.3d 63, 68 (1st Cir. 2002). However, "'[t]he mere existence of a scintilla of evidence' in favor of the nonmoving party is insufficient to defeat summary judgment." <u>Barreto-Rosa v. Varona-Mendez</u>, 470 F.3d 42, 45 (1st Cir. 2006)(quoting <u>Anderson</u>, 477 U.S. at 252). Further, the Court may ignore "conclusory allegations, improbable inferences, and unsupported speculation." <u>Medina-Munoz v. R.J. Reynolds Tobacco Co.</u>, 896 F.2d 5, 8 (1st Cir. 1990).

    B.    Legal Standard under § 1983

Section 1983 "'creates a remedy for violations of federal rights committed by persons acting under color of state law.'" <u>Sanchez v. Pereira-Castillo</u>, 590 F.3d 31, 40 (1st Cir. 2009)(quoting <u>Haywood v. Drown</u>, 556 U.S. 729, 731, 129 S.Ct. 2108, 2111, 173 L.Ed.2d. 920 (2009)). Liability

under § 1983 requires three elements: deprivation of a right, a causal connection between the actor and the deprivation, and state action.  Id. at 41 (citing 42 U.S.C. § 1983).  State actors may be immune from suit on the basis of qualified immunity.  Id.

II.     Application to Plaintiff's claims

Plaintiff alleges that: after initially fleeing, when the police caught up to him he "immediately went down on his knees, and put his hands behind his back," (Complaint (Doc. #1) ¶ 18); "[t]he first officer to reach him was MR. [John] Kleczkowski, the Resident Agent in-charge of the operation, who upon getting to plaintiff [] pistol whipped across plaintiff's left eye," (id. ¶ 20); "Plaintiff was injured above his eye after the officer pistol whipped him across the left eye," (id. ¶ 21); as a result, Plaintiff "suffered pain and cut to his left eye lid," (id. ¶ 50); and he was not struggling when apprehended, (id. ¶¶ 24, 40).  Plaintiff reiterated his claims that Defendant Kleczkowski hit him on the left side of his eye with a gun and that he had ceased resisting in an exhibit attached to his Objection to the Motion.  (Objection, Ex. 1 (excerpt of Plaintiff's deposition testimony) at 2-3.)

Defendant states that: "[b]y the time that Kleczkowski reached Baez, Baez had already been tackled by another officer and was continuing to struggle," (Defendant John Kleczkowski's Statement of Undisputed Facts ("SUF") ¶ 8); "[p]rior to Baez being tackled by another officer, Kleczkowski did not see Baez go down on his knees with his hands behind his back," (id. ¶ 9); "[a]t no time did Kleczkowski ever strike Baez, let alone use a gun to strike him," (id. ¶ 10); and "[d]uring the course of Baez resisting arrest, Baez sustained a minor cut that did not require any medical attention," (id. ¶ 13). In a declaration attached to his memorandum, Defendant attests that: he was not the first to reach Baez, (Memorandum in Support of Defendant John Kleczkowski's Motion for Summary Judgment ("Defendant's Mem."), Ex. 6 (Declaration of John Kleczkowski ("Kleczkowski

3

Decl.") ¶ 7); he "did not see Baez go down on his knees with his hands behind his back as though he was surrendering," (Kleczkowski Decl. ¶ 8); Baez was tackled to the ground by another officer, (id.); when Kleczkowski reached Baez he was struggling with other officers who were trying to subdue him, (id. ¶ 9); he then placed handcuffs on Baez, (id.); he "never struck Baez, nor did [he] ever use a gun to strike Baez," (id. ¶ 10); and he noticed that Baez had a small cut above his left eye, but did not know how Baez received the cut, (id. ¶ 11).

Defendant contends that he is entitled to summary judgment because he is protected by qualified immunity. (See Defendant's Mem. at 1, 5.) He further contends that "summary judgment is proper because Baez's cut that he received shows that the force that was used was de minimis" and that "[m]inor physical injuries are insufficient to support an inference that the [defendant] used inordinate force to effect the intended arrest." Defendant's Mem. at 9 (quoting Dean v. City of Worcester, 924 F.2d 364, 369 (1st Cir. 1991))(second alteration in original).

The Court first notes that although Plaintiff failed to submit a statement of disputed facts pursuant to District of Rhode Island Local Rule 56(a)(3), he filed a verified Complaint, see Complaint at 11, and attached to his Objection an excerpt from his deposition testimony, given under oath, which is consistent with the allegations in the Complaint, see Objection, Ex. 1 at 2-3. "It is well settled ... that the language of Rule 56(e) does not mean that a moving party is automatically entitled to summary judgment if the opposing party does not [properly] respond." Baldwin v. Tessier, No. Civ.A. 05-10898-DPW, 2006 WL 753244, at *3 (D. Mass. Mar. 22, 2006)(second alteration in original) (quoting de la Vega v. San Juan Star, Inc., 377 F.3d 111, 115 (1st Cir. 2004)); see also id. ("Thus, even if the non-moving party presents little or no evidence in opposition, '[t]he court must first inquire whether the moving party has met its burden to demonstrate undisputed facts

4

entitling it to summary judgment as a matter of law' before granting summary judgment.") (quoting De La Vega, 377 F.3d at 115-16); Fed. R. Civ. P. 56(e).[2] The Court finds that, although Plaintiff did not properly address Defendant's SUF, he has adequately supported his factual assertions.

With regard to Defendant's argument that Plaintiff's "minor injury" demonstrates that the force used was "de minimis," Defendant's Mem. at 9, the Court is not persuaded. In addressing an excessive force claim brought under § 1983, the Court's analysis begins by identifying the specific constitutional right allegedly infringed by the challenged application of force. Graham v. Connor, 490 U.S. 386, 394, 109 S.Ct. 1865,1870, 104 L.Ed.2d 443 (1989). The Supreme Court has stated that when "the excessive force claim arises in the context of an arrest or investigatory stop of a free citizen, it is most properly characterized as one invoking the protections of the Fourth Amendment ...." Id.; see also id. at 395 ("*all* claims that law enforcement officers have used excessive force –deadly or not–in the course of an arrest ... should be analyzed under the Fourth Amendment and its 'reasonableness' standard"). That analysis "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the subject poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight," id. at 396, and "must embody allowance for the fact that police

---

[2] Federal Rule of Civil Procedure 56(e) provides that:

 If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court **may**:
    (1) give an opportunity to properly support or address the fact;
    (2) consider the fact undisputed for purposes of the motion;
    (3) grant summary judgment if the motion and supporting materials–including the facts considered undisputed–show that the movant is entitled to it; or
    (4) issue any other appropriate order.

Fed. R. Civ. P. 56(e) (bold added).

officers are often forced to make split-second judgments–in circumstance that are tense, uncertain, and rapidly evolving–about the amount of force that is necessary in a particular situation," id. at 396-97.

Here, Plaintiff admits that he initially fled. (See Complaint ¶ 17; Objection, Ex. 1 at 1.) However, he also alleges that when he saw the officer approach him, he immediately went down on his knees and put his hands behind his back. (Complaint ¶ 18; Objection, Ex. 1 at 2.) Kleczkowski states that he did not see Baez go down on his knees with his hands behind his back, but, rather, saw him struggling with another officer. (SUF ¶¶ 8-9; Kleczkowski Decl. ¶ 8.) If Plaintiff's allegation that he was no longer resisting arrest is accepted as true, then the alleged use of force–hitting Baez on the side of his head with a gun–does not strike this Court as "de minimis." Although the severity of the injury is a factor which may be considered, see Bastien v. Goddard, 279 F.3d 10, 14 (1st Cir. 2002), the First Circuit has explicitly stated that a serious injury is not a prerequisite to recovery, id.;[3] see also id. ("[A] trialworthy 'excessive force' claim is not precluded merely because only minor injuries were inflicted by the seizure.")(alteration in original)(quoting Alexis v. McDonald's Rests. of Mass., 67 F.3d 341, 352 (1st Cir. 1995)). Whether an injury is "de minimis" is dependent on the particular facts of the case. Id. at 15 n.7. Thus, whether Baez was actively resisting is relevant to the level of force used to arrest him.

It is clear from the foregoing that genuine issues of material fact exist in this case, in particular whether or not Kleczkowski pistol whipped Baez and whether Baez was resisting arrest

---

[3] The Bastien court noted that the Supreme Court had explicitly overruled the "significant injury" requirement in the Eighth Amendment context. 279 F.3d at 15 n.6 (citing Hudson v. McMillian, 503 U.S. 1, 7, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992)).

at that time.  See Saucier v. Katz, 533 U.S. 194, 216, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001) (Ginsburg, J., concurring)("Of course, if an excessive force claim turns on which of two conflicting stories best captures what happened on the street, Graham will not permit summary judgment in favor of the defendant official.").  As noted above, the Court must view the facts in the light most favorable to Plaintiff, Bienkowski, 285 F.3d at 140, and does not weigh the credibility of the testimony, Gonzalez, 304 F.3d at 68, at this juncture.  The dispute is genuine because, if believed, a reasonable jury could return a verdict for Plaintiff.  Anderson, 477 U.S. at 248.  The facts are material because they might affect the outcome of Plaintiff's lawsuit.  Id.  The Court, therefore, concludes that Defendant has not met his burden of showing the absence of a genuine issue of material fact, Celotex Corp., 477 U.S. at 323, and, therefore, has not demonstrated that he is entitled to summary judgment at this time.  Further, because the Court has rejected Defendant's contention that Plaintiff's "de minimis" injury does not support an inference of excessive force, if Plaintiff proves his allegation that Defendant "pistol whipped" him, he has stated a constitutional violation.  Thus, Defendant is not entitled to summary judgment on this basis.  The Court declines to address Defendant's qualified immunity argument at this time.

Accordingly, Defendant's Motion for Summary Judgment is DENIED.

SO ORDERED:


/s/ Mary M. Lisi
Mary M. Lisi
Chief United States District Judge

DATE: September 14, 2012